UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Becky Hewes,
    Plaintiff

    v.                                Case No. 17-cv-394-SM
                                      Opinion No. 2018 DNH 034
Belknap County and
E. Justin Blanchette,
    Defendants

**O R D E R**

Becky Hewes filed suit against Belknap County and E. Justin Blanchette, asserting both federal and state claims. Belknap County has moved to dismiss the complaint.

**STANDARD OF REVIEW**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v.

1

Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570. If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Tambone, 597 F.3d at 442.

## BACKGROUND

Hewes is currently an inmate at the New Hampshire State Prison for Women. Between September, 2014, through July, 2015, and again from May 29, 2015, through July 2, 2015, Hewes was housed at the Belknap County Jail in Laconia, New Hampshire. At all times relevant to the complaint, Justin Blanchette worked as a sergeant in the Belknap County Sheriff's Department.

Taking the facts as pled in the complaint at face value, the background can be described as follows. On September 18,

2

2014, Blanchette was charged with transporting Hewes from the Belknap County Jail to a dentist appointment. Hewes and Blanchette were alone in the department van, and, on the way to the dental office, Blanchette let Hewes use his cell phone to make personal calls. Blanchette also stopped the van and gave Hewes a cigarette to smoke. On the return trip after the appointment, Blanchette allowed Hewes to sit in the front seat without handcuffs, and again let her use his cell phone. As they drove back to the jail, Blanchette flirted with Hewes, discussing personal relationships and sex.

At some point during the drive, Blanchette drove down a dirt road. He told Hewes that, before they arrived back at the jail, he needed to handcuff her and move her to the back of van. Blanchette stopped the van, took off his belt, unzipped his pants, and had Hewes perform oral sex on him. Blanchette then instructed Hewes to take off her pants, and he had sexual intercourse with her in the back of the Sheriff's transport van.

On July 2, 2015, Hewes was sentenced in the Belknap County Superior Court. Following sentencing, Hewes was to be transported to the New Hampshire State Prison for Women in Goffstown. Blanchette was tasked with driving Hewes from the Belknap Superior Court to Goffstown in the Sheriff's SUV. During the ride to the Goffstown prison, Blanchette allowed

Hewes to use his cell phone while she rode in the back of the car, and told Hewes that he had two cigarettes for her.

Blanchette stopped the car on a dirt road not far from the Belknap County courthouse, and allowed Hewes to smoke a cigarette. While Hewes smoked, Blanchette began talking to her about sex and relationships, and, after Hewes finished her cigarette, and Blanchette began driving again, he again allowed Hewes to use his cell phone.

Hewes then suggested that Blanchette drive to her friend's abandoned house in Goffstown, so that she could smoke the second cigarette. As they neared the Goffstown prison, Blanchette asked Hewes for directions to her friend's house. He drove to the house, took off Hewes's handcuffs and gave her the second cigarette. Hewes and Blanchette entered the house, and Blanchette took off his belt and unzipped his pants. Blanchette and Hewes engaged in sexual intercourse.

In her complaint, Hewes asserts that Blanchette abused his authority and coerced her into sexual activity, violating her fourth, fifth and eighteenth amendment rights. As a result of Blanchette's actions, Hewes alleges that she has suffered "serious and permanent physical and emotional damages." Compl. ¶¶ 21, 33.

With respect to Belknap County, Hewes alleges that the County had in effect "de facto policies, practices, customs and usages that resulted in a failure to adequately hire, screen, train, supervise and discipline its employees and agents," including Blanchette. Compl. ¶ 35. Those polices, practices and conduct, Hewes says, were a direct and proximate cause of Blanchette's misconduct and the damages she suffered. Compl. ¶ 39. Blanchette had a history of engaging in inappropriate and illegal sexual conduct while transporting prisoners, Hewes alleges. And, in support of that allegation, Hewes states that Blanchette engaged in inappropriate sexual conduct with five other female inmates on at least four other occasions. Therefore, she says, Belknap County knew, or should have known, of Blanchette's misconduct, was deliberately indifferent to the safety of those inmates with whom Blanchette came into contact while employed by the County, and failed to take appropriate action to protect those inmates.

Belknap County has moved to dismiss all of Hewes's claims against it. Hewes objects.

## DISCUSSION

I. **Section 1983 Claim**

Belknap County argues that the complaint does not state a cognizable claim under the provisions of 42 U.S.C. § 1983,

because it fails to identify or sufficiently plead that Hewes's injury arose from a County policy, custom or practice.  Instead, the County says, the complaint merely alleges that the County "knew or should have known" of Blanchette's inappropriate activities with inmates, and fails to allege facts to support the allegation.  The County also notes that merely alleging that the County "should have known" is insufficient to support Section 1983 liability.

In <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 691 (1978), the Supreme Court held that "a municipality cannot be held liable <u>solely</u> because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  Instead, the government "as an entity is responsible under § 1983," "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  <u>Id</u>. at 694.  The Court of Appeals for this circuit has added that, "[h]olding the city liable only if the injury results from an officially sanctioned policy or custom, exempts the municipality from responsibility for the aberrant and unpredictable behavior of its employees while making it liable for acts and conduct rightly attributable

6

to the city." Bordanaro v. McLeod, 871 F.2d 1151, 1155 (1st Cir. 1989) (citations omitted).

The complaint here generally alleges that the County should be held liable for its practice of failing to adequately hire, train and supervise employees like Blanchette. To succeed on such a claim, Hewes must show: "1) that the municipal [practice] actually ... caused the plaintiff's injury, and 2) that the municipality possessed the requisite level of fault, which is generally labeled in these sorts of cases as 'deliberate indifference.'" Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005) (citing Board of the County v. Brown, 520 U.S. 397, 404 (1997) and Bordanaro v. McLeod, 871 F.2d 1151, 1161–63 (1st Cir. 1989)).

The court has previously noted that, "[t]he most common means by which a plaintiff may demonstrate a municipality's 'deliberate indifference' is by: (1) identifying a pattern of constitutional violations that has put the municipality on notice that its training is deficient; and (2) showing that, notwithstanding such notice, the municipality continued to adhere to the same training regimen." Pliakos v. City of Manchester, No. 01-461-M, 2003 WL 21687543, at *16 (D.N.H. July 15, 2003) (citing Board of the County Com'rs v. Brown, 520 U.S. at 407 ("If a program does not prevent constitutional

7

violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action — the 'deliberate indifference' — necessary to trigger municipal liability.")).

The complaint alleges multiple incidents of sexual misconduct committed by Blanchette while on duty. As the County points out, however, it does not allege facts to support the allegation that the County had actual notice of any of those incidents. The complaint does not allege, for example, that any of Blanchette's purported victims notified the County, nor does it disclose how or when the County eventually learned of Blanchette's alleged misconduct, or what action, if any, the County took upon learning of it. Instead, the complaint merely suggests that, because Blanchette allegedly engaged in misconduct on multiple occasions with different inmates, the County <u>should</u> have known of his misconduct. The complaint also fails to adequately support its conclusory allegation that the County "should have known" of Blanchette's misconduct.

With respect to the claim that the County failed to properly train its officers, the complaint provides no details

regarding the County's training program, or how that program might be even arguably deficient. The complaint alleges no facts from which a court might infer that the County disregarded a known risk, or facts that could support a finding that the County's inadequate training of Blanchette caused plaintiff's injury. See, e.g., Whitfield v. Melendez-Rivera, 431 F.3d 1, 10 (1st Cir. 2005) ("[D]eliberate indifference will be found where the municipality fails to provide adequate training notwithstanding an obvious likelihood that inadequate training will result in the violation of constitutional rights. The plaintiff must also prove that 'the deficiency in training actually caused the police officers' indifference' to the public's constitutional rights. A generalized showing of a deficient training program is not sufficient. The plaintiff must establish that the particular officers who committed the violation had been deprived of adequate training, and that this specific failure in training was at least a partial cause of the ultimate injury.") (quoting City of Canton v. Harris, 489 U.S. 378, 391 (1989)) (citations omitted); Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 503 (1st Cir. 2012) ("to state a claim for municipal liability, a plaintiff must plead more than mere insufficiency of a municipality's training program. '[A] training program must be quite deficient in order for the deliberate indifference standard to be met: the fact

9

that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing.'") (quoting Young, 404 F.3d at 27).

Hewes fails to assert facts supporting her general contention that the County was "deliberately indifferent" in its hiring practices. "Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" Board of the County Com'rs v. Brown, 520 U.S. at 411. Facts that might support a finding that something in Blanchette's background would have alerted the County that hiring him would likely result in a deprivation of her or anyone else's constitutional rights are not pled in the complaint. Indeed, her complaint lacks any discussion whatsoever of the County's decision to hire Blanchette, or of the County's hiring process.

Finally, Hewes alleges that the County was "deliberately indifferent" with respect to supervising Blanchette. Absent direct participation in the challenged conduct, supervisory liability under Section 1983 attaches only where: "(1) the

10

behavior of . . . subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence ... amounting to deliberate indifference." Whitfield, 431 F.3d at 14 (quoting Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir. 1995) (additional quotations omitted). Hewes fails to assert facts sufficient to support her allegation that the County knew - or even should have known - about Blanchette's misconduct, much less was "deliberately indifferent" to it. And, Hewes's complaint lacks factual allegations that would support an affirmative link between any action (or inaction) taken by Blanchette's supervisors and Blanchette's misconduct.

> As our court of appeals has instructed,
>
> [i]n order to survive dismissal, a complaint need not set forth "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but it must "contain sufficient factual matter ... to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). If the facts articulated in the complaint are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," the complaint is vulnerable to a motion to dismiss. SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

Privitera v. Curran (In re Curran), 855 F.3d 19, 25 (1st Cir. 2017). In support of her Section 1983 claim against the County,

Hewes's allegations are largely conclusory, and, as described, lack factual support. Accordingly, the County's motion to dismiss Hewes's Section 1983 claim is granted, albeit without prejudice. To the extent Hewes can plausibly assert factual allegations that would support her Section 1983 claim, she may timely file a motion to amend her complaint.

## II.  **State Law Claims**

Hewes asserts several state law claims against the County, including: assault; battery; sex discrimination; and intentional and negligent infliction of emotional distress. She further asserts a claim for "violation of the rights otherwise guaranteed to [her] under the laws and constitutions of the State of New Hampshire, and the United States." Compl. ¶ 43. In support of those claims, Hewes alleges that Blanchette's conduct occurred during the "course and scope of his duties and functions as an employee and agent" of the County. Accordingly, she seeks to hold the County liable for Blanchette's conduct under the doctrine of *respondeat superior*. Compl. ¶ 41.

The County makes three arguments with respect to Hewes's state law claims. First, the County argues that, because it is immune from liability under state law (N.H. Rev. Stat. Ann. Ch. ("RSA") 507-B), Hewes's state claims against it necessarily fail. The County further contends that Hewes has not

sufficiently alleged facts to support her state law claims. Finally, the County argues that, because Blanchette's alleged conduct was not within the scope of his employment, the County cannot be held liable under a theory of respondeat superior. The County's first argument is persuasive and dispositive.

RSA 507-B:5 provides that "No governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." RSA 507-B:5. Hewes says that another statute allows her claims. RSA 507-B:2 provides that "A governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises." Hewes says that RSA 507-B:2 applies here, because her claims "arise out of the operation of a motor vehicle" as "the use of the County's vehicle was necessary for defendant Blanchette to do what he did." Obj. to Mot. to Dismiss at 2.

New Hampshire's Supreme Court has authoritatively construed the motor vehicle exception to sovereign immunity described in RSA 507-B:2. That exception extends to personal injury claims "only when there is a nexus between the claim and the

governmental unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises." Tompson v. Rockingham County Sheriff's Office, Case No. 2015-0182, 2015 WL 11084275, at *1 (N.H. Sept. 18, 2015) (quoting Dichiara v. Sanborn Reg'l Sch. Dist., 165 N.H. 694, 696-97 (2013)). That is to say, "'the injury must originate from, grow out of, or flow from' the operation or use of the vehicle," or, "a causal connection must exist between the resulting harm and the [operation or] use of the vehicle." Chatman v. Strafford County, 163 N.H. 320, 323 (2012) (quoting Concord Gen. Mut. Ins. Co. v. Doe, 161 N.H. 73, 76 (2010)). "[A]lthough proximate causation is not required, 'a tenuous connection with an automobile is not sufficient.'" Concord Gen. Mut. Ins. Co., 161 N.H. at 76. Finally, in the comparable insurance coverage context, "when a vehicle acts as merely the situs of an injury, the causal connection between the injury and the use of the vehicle is too tenuous to support coverage." Id. (citing Akerley v. Hartford Ins. Group, 136 N.H. 433, 440 (1992)).

Accordingly, for the exception to apply, the injuries complained of must be causally connected to the operation of the vehicle; that causal connection must be more than a tenuous one; and, when the vehicle acts as merely the site where an injury

14

took place, the causal connection is too tenuous to trigger the sovereign immunity exception. Chatman, 163 N.H. at 322-24.

Hewes alleges that she was injured when Blanchette, abusing his custodial authority over her, coerced her into sexual activity. Those injuries did not arise out of "an act that is part of using a motor vehicle," Chatman, 163 N.H. at 324, but, rather, were occasioned by Blanchette's intentional misconduct. The county vehicle was used for transportation to a house - a site of improper conduct - and the vehicle was itself a "site" in which improper conduct occurred. And, it might be said that, but for Blanchette's use of the vehicle to transport Hewes, the conduct complained of would not have occurred.

Even so, Blanchette's operation of the vehicle plainly bore only a tenuous connection to the alleged injuries, and no apparent "causal" connection. At most, the vehicle indirectly facilitated Blanchette's alleged misconduct or facilitated his opportunity to engage in intentional misconduct. But it cannot be said that "operation" of the vehicle was causally linked to the injuries Hewes describes. At most, the vehicle served as the site where the alleged misconduct took place, which is insufficient to trigger the exception. Otherwise it merely facilitated the misconduct, in a tenuous and indirect manner.

15

That tenuous connection is also insufficient to trigger the motor vehicle exception to sovereign immunity.

Accordingly, the County is entitled to immunity from liability with respect to plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, and for those given in defendant's memorandum in support of its motion, defendant's motion to dismiss (document no. 4) is **GRANTED**, albeit without prejudice to plaintiff's filing an amended complaint within thirty (30) days of the date of this order, asserting claims under 42 U.S.C. § 1983, if she can do so in good faith based upon adequate factual support.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 15, 2018

cc: Lawrence A. Vogelman, Esq.
    Corey M. Belobrow, Esq.